70 F.3d 639
 315 U.S.App.D.C. 78
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Mary V. WOODFORK, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Booker T. Wade, Jr., et al., Intervenors.
 Nos. 94-1031, 94-1655.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 18, 1995.
 
 Before: WILLIAMS, GINSBURG and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 
 1
 This case involves two consolidated appeals from a decision of the Federal Communications Commission to revoke the construction permit of Black Television Workshop of Los Angeles, Inc. ("BTW") for noncommercial educational UHF television station KEEF-TV, Channel 68, in Los Angeles, California. Black Television Workshop of Los Angeles, Inc., 8 FCCRcd 4192, recon. denied, 8 FCCRcd 8719 (1993), further recon. dismissed, FCC 94I-013 (Feb. 15, 1994), review denied, 9 FCCRcd 4477 (1994). These appeals were considered on the record from the FCC, on the briefs submitted by counsel, on oral argument, and on a statement for the record submitted by appellant BTW after oral argument. See D.C.Cir.Rule 28(g). After full review, the Court is satisfied that appropriate disposition of the appeals does not warrant an opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 Appellants BTW and Rosa W. Ware, Booker T. Wade, Jr., Gwendolyn May, and Hope Smith Bynum ("Wade Group") contend that the FCC erroneously revoked BTW's construction permit and erroneously disqualified members of the Wade Group from inheriting it. Appellant Mary Woodfork contends that the FCC lacked sufficient record evidence on which to disqualify her from inheriting the permit. We find ample evidence on the record to support the FCC's decisions with respect to all of these claims. See Black Television Workshop of Los Angeles, Inc., 7 FCCRcd 7819 (ALJ 1992).
 
 
 3
 Appellant Woodfork also contends that the FCC failed to respond to her claim that she was entitled to the application of an FCC policy excusing clients from the bizarre and unforseeable conduct of their attorneys. While the FCC's treatment of appellant's contention is indeed condensed and of less than ideal clarity, 8 FCCRcd. at 4200 n. 51, we will uphold such treatment if we can discern a "reasoned path from the facts and considerations before the Commission to the decision it reached." Russian River Vintage Broadcasting v. FCC, 5 F.3d 1518, 1521 (D.C.Cir.1993), quoting Neighborhood TV Co. v. FCC, 742 F.2d 629, 639 (D.C.Cir.1984). See also Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 285-6 (1974), reh. denied, 420 U.S. 956 (1975). We find that a reasoned path does exist from the facts before the Commission to the dismissal of appellant's argument; appellant had significant warning signs rendering her attorney's behavior forseeable long before her repudiation of him in late 1986. For example, appellant states that her attorney had her sign a blank ownership report in early 1985; she believed he falsely represented himself to be a BTW officer in her presence in 1985; she was never given a copy of BTW's purported by-laws--through which her attorney was orchestrating the dismissal of BTW board members--after repeated requests in 1983. These facts set appellant's case well afield of FCC exceptions to its general policy that applicants are bound by counsel's actions. Pontchartrain Broadcasting Co., Inc., 7 FCCRcd 1898, 1903 (Rev.Bd.1992), review denied, 8 FCC 2256 (1993), aff'd, 15 F.3d 183 (D.C.Cir.1994).
 
 
 4
 Accordingly it is,
 
 
 5
 ORDERED and ADJUDGED, by the Court, that in No. 94-1655 and No. 94-1031 the decision by the FCC is affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely-filed petition for rehearing. See D.C.Cir.Rule 41(a).