70 F.3d 639
 315 U.S.App.D.C. 78
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Stanley WIGGINS, Appellant,
v.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellee.
 No. 94-7133.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 25, 1995.
 
 Before: WILLIAMS, ROGERS and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The facts and legal arguments are adequately presented in the record and briefs, and oral argument would not significantly aid the Court. See D.C.Cir.Rule 34(j). After full review, the Court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 Appellant Stanley Wiggins sued WMATA, alleging that a WMATA bus driver had assaulted and battered him without provocation, and that the assault arose in the course of the driver's employment. The District Court originally granted summary judgment to WMATA, holding that the driver had not acted within the scope of his employment, and that no evidence had been introduced to prove a separate negligent hiring claim. We reversed on the scope of employment issue, although we acknowledged that the question was a close one, and remanded the case for a jury trial. 8 F.3d 72. The jury returned a verdict for WMATA, finding that the driver acted in self-defense and, alternatively, that the driver was not acting within the scope of his employment.
 
 
 3
 Appellant claims that the trial judge was biased against him and his counsel in the conduct of the trial. On review of the record, we find that the judge evinced no bias and conducted the trial well within the bounds of his discretion. Appellant's objections to the exclusion of some of his proffered evidence are without merit. His objections on the self-defense instruction and to admission of some of WMATA's evidence on the subject are mooted by the jury's independent finding that the accident did not arise out of the driver's employment with WMATA.
 
 
 4
 Accordingly it is,
 
 
 5
 ORDERED and ADJUDGED, by the Court, that in No. 94-7133 the judgment by the District Court is affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely-filed petition for rehearing. See D.C.Cir.Rule 41(a).